IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KERRY LAVERDE,                )
                              )
         Plaintiff,           )
                              )
    v.                        )    Civil Action No. 14-1242
                              )
CAROLYN W. COLVIN,            )
ACTING COMMISSIONER OF        )
SOCIAL SECURITY,              )
                              )
         Defendant.           )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 21st day of September, 2015, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for disability insurance benefits and supplemental security income on August 21, 2011, alleging a disability onset date of October 6, 2009, due to HIV, anxiety, depression and post-traumatic stress disorder (PTSD). Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on November 5, 2012, at which plaintiff, represented by counsel, appeared and testified. On December 18, 2012, the ALJ issued a decision finding that plaintiff is not disabled. On July 14, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). He has at least a high school education and has past relevant work experience as a police officer and an unarmed guard, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of anxiety, depression, PTSD and HIV, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level but with numerous limitations necessary to accommodate his physical and mental impairments.[1] Taking into account these restrictions, a vocational expert

---

[1] Specifically, the ALJ determined that plaintiff has the residual functional capacity to perform light work except he requires a sit/stand option every 30 minutes; he is limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling; he cannot work in security, as a police officer or in a casino; he is limited to simple, routine, repetitive tasks (unskilled work); he cannot work with the

identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including assembler, packer and sorter/grader. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform any of his past relevant work, he is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 540 U.S. 20 (2003).

---

general public or as part of a team; and, he is limited to occasional contact with supervisors. (R. 14).

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §§404.1520a and 416.920a.

In this case, plaintiff challenges the ALJ's evaluation of the medical evidence. Specifically, he argues that the ALJ failed to give adequate weight to the opinion of his treating psychiatrist, Dr. John Carter Brooks, who opined, *inter alia*, that plaintiff often would have difficulty managing even a low stress work environment and maintaining concentration, persistence and pace during an 8-hour workday, and that he would experience 4-6 "bad days" per month during which he would not be able to complete an 8-hour work shift. (R. 361). Plaintiff further contends that the ALJ improperly failed to incorporate the foregoing limitations into her residual functional capacity finding and hypothetical question to the vocational expert. Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence, as is her residual functional capacity finding.

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(c)(2) and 416.927(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(c) and 416.927(c).

Importantly, the opinion of any physician, including a treating physician, on the issue of what an individual's residual functional capacity is or on the ultimate determination of

disability never is entitled to special significance. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-5p. "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Rather, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); *see* 20 C.F.R. §§ 404.1527(d)(2) and (3) & 416.927(d)(2) and (3); 404.1546(c) and 416.946(c).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ specifically addressed the opinion from Dr. Brooks and adequately explained why she was assigning 'little weight" to that opinion. (R. 16). In particular, the ALJ determined that Dr. Brooks' opinion "overestimate[s] [plaintiff's] limitations, particularly his ability to manage even a low stress environment and maintain concentration, persistence and pace." (Id.) The ALJ observed that plaintiff engages in tasks which can be stressful (caring for his ailing mother) and which require concentration, persistence and pace, such as following television programs, using the internet and playing video games. (Id.). Rejecting the more debilitating limitations advanced by Dr. Brooks, the ALJ instead chose to give great weight to the opinion of the state agency psychologist, Dr. Lisa Cannon, who found only mild limitations in activities of daily living and moderate limitations in social functioning and concentration, persistence and pace, which the ALJ found to be more consistent with the record as a whole, including plaintiff's "rather benign mental findings." (R. 16-17).

Upon review, the court is satisfied that the ALJ's evaluation of the opinion of Dr. Brooks as a treating physician is supported by substantial evidence. As already noted, the Regulations provide that a treating physician's opinion only is to be given controlling weight if

AO 72
(Rev. 8/82)

it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record." 20 C.F.R. §§404.1527(c)(2) and 416.927(c)(2); SSR 96-2p.

Here, Dr. Brooks' opinion as to the degree of limitation in plaintiff's ability to handle low stress work and maintaining concentration, persistence and pace, and that plaintiff would not be able to complete an 8-hour workday 4-6 times per month, is neither well-supported nor consistent with other evidence in the record.[3] As to supportability, Dr. Brooks' assessment is set forth on a one-page evaluation form that he did not prepare and consists solely of his signature indicating his agreement with the limitations reported therein, accompanied by no explanation or supporting documentation. (R. 361). In the absence of any such support, Dr. Brooks' opinion was weak evidence upon which the ALJ properly did not rely. SSR 96-2p (ALJ "cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion"); see also, e.g., Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)("[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best").

Moreover, as the ALJ noted, Dr. Brooks' opinion was inconsistent with other substantial evidence in the record, including his own treatment notes and those of plaintiff's therapist, which indicated that plaintiff was "doing well and getting his self-confidence back

---

[3] Plaintiff's argument that the ALJ failed to adhere to the Regulations by not explicitly listing and discussing each of the 6 factors set forth in §§404.1527(c) and 416.927(c) in evaluating the medical opinion of Dr. Brooks is without merit. Plaintiff cites to no authority for a requirement that the ALJ must specifically list and discuss each factor individually and this court will not impose such a requirement. Generally, an ALJ is not required to use particular language or adhere to a particular format in conducting her analysis and all that is required is that there is "sufficient ... explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004)(discussing ALJ's obligations in conducting a step 3 analysis). Here, the ALJ adequately explained her evaluation of Dr. Brooks' opinion to allow this court to conduct meaningful review and the court is satisfied that she adhered to the standards of §§404.1527(c) and 416.927(c) with due consideration given to the appropriate factors set forth therein.

and ... was encouraged to enjoy his life, increase his activities and do volunteer work." (R. 16; 281-285; 343-360).

In addition, it is clear from the evaluation form signed by Dr. Brooks that it is based in significant part on plaintiff's own subjective descriptions of his limitations, as the form explicitly states "[y]our patient told us that their functioning is affected in the following manner by their medical conditions." (R. 361). Accordingly, contrary to plaintiff's contention, the ALJ did not err in pointing out inconsistencies in the level of limitations set forth in the evaluation form and plaintiff's other reported activities which tended to show that Dr. Brooks was overestimating plaintiff's limitations. While it is true, as plaintiff now asserts, that sporadic and transitory activities of daily living cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, the ALJ properly considered plaintiff's allegations in light of the medical evidence, which revealed the absence of clinical and objective findings supporting Dr. Brooks' opinion of debilitating limitations.[4]

Finally, the court finds no error in the ALJ's decision to give more credence to the residual functional capacity assessment of Dr. Cannon, the state agency reviewing psychiatrist, who determined that plaintiff can make simple decisions and carry out short, simple instructions, and concluded that he can perform unskilled work. (R. 67-76). Plaintiff suggests this opinion should have been afforded less weight than Dr. Brooks' opinion because Dr.

---

[4] Although plaintiff does not challenge explicitly the ALJ's credibility determination in this appeal, the court nevertheless finds no error in the ALJ's evaluation of plaintiff's subjective allegations of his limitations. As required under the regulations, the ALJ properly considered plaintiff's subjective complaints in light of the medical evidence and all of the other evidence of record, including plaintiff's daily activities (20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p) and did a thorough job in her decision explaining why plaintiff's statements concerning "the intensity, persistence and limiting effects of [her] symptoms are not credible" to the extent they conflict with the ALJ's residual functional capacity. (R. 15-16).

AO 72
(Rev. 8/82)

- 7 -

Cannon did not treat or examine plaintiff but merely reviewed the record. However, "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records ... [s]tate agent opinions merit significant consideration as well." Chandler, 667 F.3d at 361.

Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(e)(2)(i) and 416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(e)(2)(ii) and 416.927(e)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that Dr. Cannon's opinion was more consistent with the totality of the evidence than that of Dr. Brooks, she properly gave Dr. Cannon's opinion greater weight. (R. 16-17).

The court also finds no merit to plaintiff's argument that the ALJ improperly relied on Dr. Cannon's assessment because it was submitted over a year before the hearing and thus was rendered without the benefit of subsequent treatment and therapy records, including Dr. Brooks' assessment. The Third Circuit Court of Appeals has rejected the argument that the mere lapse of time between a state agency physician's review of the record and the subsequent administrative hearing makes it improper for the ALJ to rely on the opinion. *See* Chandler, 667 F.3d at 361 (recognizing that "[the Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it"). Rather, it is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id. (*citing* SSR 96-6p). Here, it is clear that *the ALJ* considered all of the medical evidence, including the treatment records from plaintiff's therapist and Dr. Brooks' assessment, but determined that the

subsequent medical evidence did not alter Dr. Cannon's finding that plaintiff could perform simple, unskilled work. (R. 15-17). Accordingly, the ALJ did not err in giving more weight to Dr. Cannon's opinion.

It is axiomatic in social security cases that the ALJ must give some indication of the evidence that she rejects and the reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Here, the ALJ reviewed and discussed all of the pertinent medical evidence and thoroughly explained her reasons for giving less weight to the opinion of Dr. Brooks and greater weight to that of Dr. Cannon. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's residual functional capacity finding[5] and resultant hypothetical to the vocational expert were incomplete because the ALJ failed to include the limitations contained in Dr. Brooks' assessment. However, as just discussed, the more restrictive limitations advanced by Dr. Brooks are not supported by the objective medical evidence or other evidence of record. As a hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, the ALJ did not err in rejecting

---

[5] Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his impairments. Fargnoli, 247 F.3d at 40; 20 C.F.R. §§404.1545(a)(1) and 416.945(a)(1). Residual functional capacity is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work-setting on a regular and continuing basis, which means "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(3)-(4) and 416.945(a)(3)-(4); SSR 96-8p. In regard to mental abilities, the ALJ first must assess the nature and extent of the claimant's mental limitations and restrictions and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. 20 C.F.R. §§404.1545(c) and 416.945(c). The ALJ's residual functional capacity finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 577 F.3d at 41 (citation omitted).

a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones, 364 F.3d at 506 (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

The court is satisfied that the ALJ's residual functional capacity finding in this case is supported by substantial evidence as outlined in the decision and that the ALJ's hypothetical to the vocational expert incorporating that residual functional capacity finding adequately accounted for all of plaintiff's mental and physical limitations that are supported by the objective evidence. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984)(RFC and hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record). Accordingly, the vocational expert's response to that hypothetical indicating that, despite those restrictions, plaintiff retains the ability to perform the identified light jobs, constitutes substantial evidence supporting the ALJ's finding that plaintiff is not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Colin Callahan
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219